UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-81904-Marra/Matthewman

TRACY ANN ROWETT,
SUSAN JENNIFER WILKENS,

        Plaintiff,

v.

WISH WASH 2 LLC,
KHAIRUNISSA MANDANI,
NURUDDIN MANDANI,

        Defendants.
_____/

## **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS**

Plaintiff, Tracy Ann Rowett ("Rowett"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 54(d)(1), 29 U.S.C. § 216(b), Local Rule 7.3, 28 U.S.C. § 1920, and Final Judgment [DE 87] entered in favor of Rowett and against Defendants, hereby submits this Memorandum supporting Rowett's Bill of Costs, as follows:

## **MEMORANDUM OF LAW**

**I.    Plaintiff, as the prevailing party, is entitled to recover costs incurred pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1921, and Rule 54(d).**

The Eleventh Circuit has held that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor healthcare corp v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). In fact, Rule 54 specifically states that:

> Costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs.

(emphasis added). A district court's discretion to deny costs (in particular to a prevailing plaintiff under the Fair Labor Standards Act) is quite limited, as the courts have noted "[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome that presumption … [since] denial of costs … is in the nature of a penalty for some defection on his part in the course of the litigation." *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984).

>Pursuant to 28 U.S.C. § 1920, taxable costs include:
>
>(1) Fees of the clerk and marshal;
>
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008). Additionally, Plaintiff is entitled to costs pursuant to 29 U.S.C. § 216(b).

### A.  Fees of the Clerk and Marshal

Pursuant to § 1920(1), "fees of the clerk and marshal" may be taxed as costs. This includes service of process costs. Although § 1920(1) specifically mentions the term "marshal," since the Marshal's Service rarely serves process anymore, the current trend is to read § 1920 as contemplating costs for the service of process in general. *EEOC v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)(holding that private process server fees may be taxed under § 1920); *Collins v.*

*Gorman*, 96 F.3d 1057 (7th Cir. 1996); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175 (9th Cir. 1990); *Tang How v. Edward J. Gerritts, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991)(J., Davis); *American United Life Ins. V. American United Ins.*, 731 F. Supp. 480, 489 (S.D. Fla. 1990)(J., King); *Allen v. Freeman*, 122 F.R.D. 589, 592 (S.D. Fla. 1988); *Griffith v. Mt. Carmel Medical Ctr.*, 157 F.R.D. 499, 507 (D. Kan. 1994); and *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

The Eleventh Circuit has held that § 1920(1), read in conjunction with § 1921,[1] authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshall's Service effectuate process. *W&O, Inc.* 213 F.3d at 623-24. When the Marshal's Service serves process, its rate is $55.00 per hour for each item served, plus travel and other out-of-pocket costs.

Plaintiff incurred the following costs associated with fees of the clerk and fees for service of process in this case:

| DATE | TYPE | DESCRIPTION | COST |
| --- | --- | --- | --- |
| 11/22/16 | Filing Fee | | $ 400.00 |
| 6/2/18 | Service of Process | MANDANI, NURUDDIN | $ 86.00 |
| 5/12/18 | Service of Process | MANDANI, KHAIRUNISSA | $ 86.00 |
| 1/5/17 | Service of Process | WISH WASH 2 LLC. | $ 86.00 |
| 1/5/17 | Service of Process | MARTIN CORRECTIONAL INSTITUTE | $ 156.00 |
| 1/5/17 | Service of Process | JOHNSON, MILTONEISHA | $ 122.00 |
| | | Total | $ 936.00 |

    **B.**    **Fees for Transcripts**

Pursuant to § 1920(2), "transcripts necessarily obtained for use in the case" may be taxed. The Eleventh Circuit has held that the taxation of deposition costs comes within the parameters

---

[1] Section 1921(a) sets forth the types of activities for which U.S. Marshals may collect a fee; serving a subpoena is one activity for which they may collect. Under § 1921(b), the Attorney General may prescribe regulations concerning the fees that may be charged by the Marshall's Service. Those regulations are set forth in 28 C.F.R. § 0.114.

of this section. *U.S. E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir.2000). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.' " *Id.* at 620–21. "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *George R. Hall, Inc. v. Superior Trucking Co.,* 532 F.Supp. 985, 994 (N.D.Ga.1982) (quoting *Jeffries v. Ga. Residential Fin. Auth.,* 90 F.R.D. 62, 63 (N.D.Ga.1981)). And depositions relied upon for summary judgment motions are taxable. *Helms v. Wal–Mart Stores, Inc.,* 808 F.Supp. 1568, 1572 (N.D.Ga.1992), *aff'd,* 998 F.2d 1023 (11th Cir.1993).

The Court Reporter's appearance fee is also taxable because it is necessary for the court reporter to appear and record the testimony before the court reporter can subsequently prepare the deposition transcript.

> Numerous courts have ruled that court reporter appearance fees are properly taxable as costs. *See, e.g., Held v. Held,* 137 F.3d 998, 1002 (7th Cir.1998); *Wesley v. Dombrowski,* No. 03–4137, 2008 WL 2609720, at *2–3 (E.D.Pa. June 26, 2008) ("[M]ost courts have permitted the prevailing party to recover the fee charged by the court reporter for his or her 'appearance.' ") (collecting cases); *Price v. United Tech. Corp.,* No. 99–8152–Civ, 2001 WL 36085163, at *2 (S.D.Fla. July 27, 2001) (Ferguson, J., adopting recommendation *1259 of Snow, M.J.); *but see Newman v. Hous. Auth. of the City of Fort Lauderdale,* No. 06–60359–Civ, 2007 WL 315098, at *3, 2007 U.S. Dist. LEXIS 6797, at *7 (S.D.Fla. Jan. 31, 2007) (Middlebrooks, J.) (disallowing appearance fees as they are not "listed in § 1920"). The cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript. The undersigned agrees that the appearance fee is directly related to preparing the transcript.

*Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013).

Below are the transcript costs that Plaintiff is seeking:

| DATE | TYPE | DESCRIPTION | COST |
|---|---|---|---|
| 12/12/17 | Transcript | Tracy Ann Rowett | $ 445.10 |
| 12/13/17 | Transcript | Susan Wilkens | $ 322.80 |
|  | Transcript | Nurruddin Mandani | $ 421.20 |
|  | Transcript | Khairunissa Mandani | $ 202.85 |
|  |  | Total | $1,391.95 |

### C. Copying Costs

Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4). *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1975). Generally, a prevailing party may recover the costs of photocopies of documents attributable to discovery, pleadings, correspondence, copies of exhibits, documents tendered to opposing counsel, and document submitted to the Court for consideration. *See, e.g., Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997); *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)(finding that "[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)).

Below are the copying costs that Plaintiff is seeking:

| DESCRIPTION | PAGES | UNIT COST | TOTAL |
|---|---|---|---|
| Plaintiff's Trial Exhibits - copy for Plaintiffs' counsel | 1,203 | $ 0.15 | $ 180.45 |
| Plaintiff's Trial Exhibits - copy for Defendants' counsel | 1,203 | $ 0.12 | $ 144.36 |
| Plaintiff's Trial Exhibits - copy for Court | 1,203 | $ 0.12 | $ 144.36 |
| Plaintiff's Trial Exhibits - copy for Witnesses | 1,203 | $ 0.12 | $ 144.36 |
| Pretrial Stipulation [DE 50] | 7 | $ 0.12 | $ 0.84 |
| Deposition Transcript of Defendant Khairunissa Mandani | 41 | $ 0.12 | $ 4.92 |
| Deposition Transcript of Defendant Nuruddin Mandani | 100 | $ 0.12 | $ 12.00 |
| Deposition Transcript of Plaintiff Tracy Ann Rowett | 106 | $ 0.12 | $ 12.72 |
| Deposition Transcript of Plaintiff Susan Wilkens | 73 | $ 0.12 | $ 8.76 |
| Total Pages | 5,139 | Total | $ 652.77 |

*See Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D.Fla.1988)(rate of $0.15 per page for copying costs was reasonable).

### D.  Witness Fees

Witness fees are taxable costs pursuant to 28 U.S.C. § 1920(3). The mileage fee only needs to be a reasonable estimate of the distance traveled. *See In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003). Pursuant to 28 U.S.C. § 1821(b), the applicable witness fee is $40 plus mileage at the rate of $0.545$^2$ per mile roundtrip. The witnesses subpoenaed were in Palm Beach and Martin counties.

Below are witness fee costs Plaintiff is seeking:

| DATE | TYPE | DESCRIPTION | COST |
|---|---|---|---|
| 4/19/18 | Witness Fee | MARTIN CORRECTIONAL INSTITUTE RECORDS CUSTODIAN | $ 63.98 |
| 4/21/18 | Witness Fee | JOHNSON, MILTONEISHA | $ 63.98 |
| | | Total | $ 127.96 |

### II.  Plaintiff is entitled to interest flowing from the date of the Final Judgment on any and all costs taxed by the Court.

Plaintiff is entitled to interest flowing from the date of the Final Judgment on any and all costs taxed by the Court. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (holding that "interest shall accrue on Paine Webber's taxable costs from the date the court entered final judgment in favor of Paine Webber on the merits of BankAtlantic's action, November 24, 1989"—BankAtlantic asserted that the cost interest should run from July 3, 1991, the day the district court adopted the magistrate's report and recommendation as to costs); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) (holding that "[w]e conclude that when a district court taxes costs against a

---

$^2$ https://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates

losing party, the award of costs bears interest from the date of the original judgment"). At least one district court in the Southern District has expressly followed *BankAtlantic* on this point. *Chiever v. R.J. Schor, Inc.*, 2008 WL 4097795 (S.D. Fla. 2008). Other courts have followed *Georgia* and interpreted the law in this regard in the same manner as *BankAtlantic* without mentioning *BankAtlantic*. *See, e.g.*, *Lane v. Capital Acquisitions Management and Co.*, 554 F. Supp. 2d 1345, 1355 (S.D. Fla. 2008) and *Navarro v. Broney Automotive Repairs, Inc.*, 2008 WL 2901440 (S.D. Fla. 2008). Other circuits follow this rubric as well. *Jenkins by Agvei v. Missouri*, 931 F.2d 1273 (8th Cir. 1991); *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir. 1983); and *Finkelstein v. Bergua,* 804 F. Supp. 1235, 1240 (N.D. Cal. 1992).

### III. Conclusion

Based on the foregoing, Plaintiff requests that the Court tax the following costs against Defendants, in addition to interest accrued:

| SECTION | DESCRIPTION | COST |
|---|---|---|
| 28 U.S.C. § 1920(1) | Fees of the Clerk and Marshal | $ 936.00 |
| 28 U.S.C. § 1920(2) | Fees for Transcripts | $1,391.95 |
| 28 U.S.C. § 1920(3) | Witnesses | $ 127.96 |
| 28 U.S.C. § 1920(4) | Copy Costs | $ 616.68 |
| | **Total** | **$3,072.59** |

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

_/s/ Elliot A. Kozolchyk_

Elliot Kozolchyk, Esq.
Bar No.: 74791

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Undersigned counsel has conferred with counsel for Defendants, pursuant to Local Rule 7.1.A.3., but was not successful in resolving Plaintiff's costs. Defendants objected to the cost of the subpoena for Martin Correctional Institute Records Custodian, the transcript of Susan Wilkens, and Plaintiff's copying/printing costs.

_/s/ Elliot A. Kozolchyk_

Elliot Kozolchyk, Esq.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

_/s/ Elliot A. Kozolchyk_

Elliot Kozolchyk, Esq.
Bar No.: 74791

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Undersigned counsel has conferred with counsel for Defendants, pursuant to Local Rule 7.1.A.3., but was not successful in resolving Plaintiff's costs. Defendants objected to the cost of the subpoena for Martin Correctional Institute Records Custodian, the transcript of Susan Wilkens, and Plaintiff's copying/printing costs.

_/s/ Elliot A. Kozolchyk_

Elliot Kozolchyk, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 5, 2018 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Elliot Kozolchyk, Esq.

## SERVICE LIST

Kimberly A. Gilmour, Esq.
*Counsel for Defendants*
Kimberly A. Gilmour, P.A.
4179 SW 64th Avenue, Suite 101
Davie, Florida 33314-3448
Tel: (954) 584-6460
Fax: (954) 584-3552
Email: gilmourlaw@aol.com